684 So.2d 831 (1996)
STATE of Florida, Appellant,
v.
Michael BAXLEY, Appellee.
No. 96-830.
District Court of Appeal of Florida, Fifth District.
November 8, 1996.
Rehearing Denied December 26, 1996.
*832 Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellant.
Ronald E. Fox, Umatilla, for Appellee.
HARRIS, Judge.
The issue in this case is whether one who deals in tablets containing controlled substance, each tablet being a SCHEDULE III substance which would represent a third degree felony, is subject to being prosecuted for trafficking in such substance if a sufficient number of the tablets are involved so that 4 grams or more of the prohibited substance is involved in the transaction. We answer in the affirmative and reverse the order dismissing the charges below.
Michael Baxley was charged with conspiracy to traffic and trafficking in hydrocodone. In order to sustain this charge under section 893.135(1)(c)1, there must be 4 grams or more of the substance or "4 grams or more of any mixture containing any such substance..." But if a tablet contains no more than 15 milligrams of hydrocodone along with other active ingredients which are not controlled substances, then under section 893.03(3)(c)4 such tablet is a SCHEDULE III substance and, under section 893.13(1)(a), its sale, manufacture or delivery (or the possession with such intent) is a third degree felony. The State urges that even if dealing in a single tablet or a few tablets may be only a third degree felony, if enough tablets are involved so that the total weight is 4 grams or more, then a trafficking case can properly be made.
Baxley responds that since the legislature has determined that small amounts of hydrocodone in conjunction with other uncontrolled substances have less potential for abuse than SCHEDULE I or SCHEDULE II substances and have a "currently acceptable medical use," the improper dealing with tablets that comply with section 893.03(3)(c)4 may only be prosecuted as a third degree felony. However, we believe that a proper interpretation of section 893.03(3)(c)4 makes it clear that only a small amount of hydrocodone is a SCHEDULE III substance. If the amount involved is 4 grams or more of hydrocodone or 4 grams or more of a mixture containing hydrocodone then hydrocodone becomes a SCHEDULE II substance.
Baxley makes the point that hydrocodone is listed as both a SCHEDULE II and a SCHEDULE III substance and yet both schedules provide that it is included "unless listed in another schedule ..." We find no conflict. In fact, because hydrocodone appears in both schedules, our interpretation of the statute is given more credence. SCHEDULE III substances include hydrocodone or hydrocodone mixtures which meet the section 893.03(3)(c)4 limitation and SCHEDULE II includes all other hydrocodone. This gives both schedules meaning. See Lareau v. State, 573 So.2d 813 (Fla.1991) (when two conflicting or ambiguous provisions of the same legislative act were intended *833 to serve the same purpose, they must be read in pari materia to ascertain the overall legislative intent and to harmonize the provisions so that the fullest effect can be given to each); Mack v. Bristol-Myers Squibb Co., 673 So.2d 100 (Fla. 1st DCA 1996) (a law should be construed in harmony with any other statute having the same purpose; where statutes operate on the same subject without plain inconsistency or repugnancy, if possible courts should construe them so as to preserve the force of both without destroying their evident intent).
If the number of tablets aggregates 4 grams or more of hydrocodone or a mixture of hydrocodone, then we agree with the State that prosecution is proper under section 893.135.
REVERSED AND REMANDED.
PETERSON, C.J., and ANTOON, J., concur.