689 So.2d 1268 (1997)
STATE of Florida, Appellant,
v.
Patricia H. HOLLAND, Appellee.
No. 95-4667.
District Court of Appeal of Florida, First District.
March 20, 1997.
*1269 Robert A. Butterworth, Attorney General, and Amelia L. Beisner, Assistant Attorney General, Tallahassee, for Appellant.
John F. Daniel, Panama City, for Appellee.
PER CURIAM.
The State appeals an order of the lower court dismissing an information charging Appellee Patricia Holland with trafficking in hydrocodone in violation of section 893.135(1)(c), Florida Statutes (1993). We affirm for the reasons set forth below, and certify conflict with the Fifth District Court of Appeal.
Holland was charged with five counts of trafficking in "[h]ydrocodone also known as Lortab and/or Vicodin, a controlled substance defined in Section 893.03 Florida Statutes, in violation of 893.135 Florida Statutes." Holland filed a motion to dismiss, accompanied by an affidavit of a licensed pharmacist, attesting that the drug alleged in the information was not a Schedule II drug, but rather a Schedule III drug falling outside the purview of section 893.135(1)(c), Florida Statutes. The lower court agreed, and dismissed the information.
Section 893.135(1)(c)1, Florida Statutes (1993), prohibits the sale, purchase, manufacture, delivery, or possession of 4 grams or more of any substance described in section 893.03(1)(b)(Schedule I narcotics), any substance described in section 893.03(2)(a)(Schedule II narcotics), or 4 grams or more of any mixture containing any such substance. Hydrocodone is not listed as a Schedule I narcotic. It is, however, listed as a Schedule II narcotic as follows:
(2) SCHEDULE II.A substance in Schedule II has a high potential for abuse and has a currently accepted but severely restricted medical use in treatment in the United States, and abuse of the substance may lead to severe psychological or physical dependence. The following substances are controlled in Schedule II:
(a) Unless specifically excepted or unless listed in another schedule, any of the following substances, whether produced directly or indirectly by extraction from substances of vegetable origin or independently by means of chemical synthesis:
1. Opium and any salt, compound derivative, or preparation of opium, except nalmafene or isoquinoline alkaloids of opium, including, but not limited to the following:
j. Hydrocodone.
Section 893.03(2)(a)1, Florida Statutes (1993). Hydrocodone is also listed as a Schedule III narcotic as follows:
(3) SCHEDULE III.A substance in Schedule III has a potential for abuse less than the substances contained in Schedules I and II and has a currently accepted medical use in treatment in the United States, and abuse of the substance may lead to moderate or low physical dependence or high psychological dependence or, in the case of anabolic steroids, may lead to physical damage. The following substances are controlled in Schedule III:
(c) Unless specifically excepted or unless listed in another schedule, any material, compound, mixture, or preparation containing limited quantities of any of the following controlled substances or any salts thereof:
4. Not more than 300 milligrams of hydrocodone per 100 milliliters or not more than 15 milligrams per dosage unit, with recognized therapeutic amounts of one or more active ingredients which are not controlled substances.
Section 893.03(3)(c)4, Florida Statutes (1993).
Herein, the amount of hydrocodone contained in the Vicodin and/or Lortab tablets was less than 15 milligrams per dosage unit. The State, while conceding that this *1270 concentration of hydrocodone per dosage unit brings the substance charged within the ambit of Schedule III, argues that the trafficking statute nevertheless applies because it prohibits the sale or possession of 4 grams or more of any mixture containing hydrocodone. We disagree. Reading sections 893.135(1)(c)1 and 893.03(3)(c)4 in concert, it is clear to us that, if a mixture containing the controlled substance falls within the parameters set forth in Schedule III, the amount of the controlled substance per dosage unit, not the aggregate amount or weight, determines whether the defendant may be charged with violating section 893.135(1)(c)1, Florida Statutes. The Lortab and/or Vicodin tablets allegedly sold by Holland do not fall within the trafficking statute charged because the concentration of hydrocodone per dosage unit is less than 15 milligrams; the concentration of hydrocodone per dosage unit will remain below this threshold regardless of the number of tablets sold.
We acknowledge that the Fifth District Court of Appeal has recently reached a contrary result in State v. Baxley, 684 So.2d 831 (Fla. 5th DCA 1996)(where the number of tablets aggregates 4 grams or more of hydrocodone or a mixture of hydrocodone, prosecution is proper under § 893.135). We therefore certify conflict with that decision.
AFFIRMED.
ALLEN, MICKLE and PADOVANO, JJ., concur.