SHAHOOD, J.
A jury found appellant, Ricardo Johnson (“Johnson”), guilty of trafficking in hydro-codone in violation of section 893.135(l)(c)l, Florida Statutes (Supp. 1996), and petit theft. He appeals the trial court’s denial of his motion for judgment of acquittal on the traffickihg charge, as well as the 25-year minimum mandatory prison sentence. We affirm on both issues, and discuss only the first.
Johnson was employed as a pharmacy technician with Eckerd Drugs. An investigator watching the in-store video monitor saw Johnson take a bottle of Vicodin from the pharmacy. When Johnson exited the store, the investigator approached him and asked for the bottles. Johnson produced two bottles of Vicodin and two bottles of Lortab, prescription pain medication.
A chemist testified at trial that each of the bottles of Vicodin contained 100 tablets, one with a total weight of 85.7 grams, and one with a total weight of 85.6 grams. The two bottles of Lorcet each contained 100 tablets, one with a total weight of 86 grams, and the other with a total weight of *369 87.3 grams. The controlled substance in both Vicodin and Lorcet is hydrocodone. In each Yicodin tablet there are 7.5 milligrams of hydrocodone and 750 milligrams of acetaminophen. In each Lorcet tablet there are 10 milligrams of hydrocodone and 650 milligrams of acetaminophen. The total amount of hydrocodone in the four bottles was 3.5 grams.
Section 893.135(l)(c)l, Florida Statutes (Supp.1996), the statute pursuant to which Johnson was prosecuted, prohibits the sale, purchase, manufacture, delivery or possession of
4 grams or more of any morphine, opium, oxycodone, hydrocodone, hydromor-phone, or any sale, derivative, isomer, or salt of an isomer thereof, including heroine, as described in s. 893.03(l)(b) or (2)(a), or k grams or more of any mixture containing any such substance or mixture.
(emphasis added). Johnson claims it was error for the trial court to deny his motion for judgment of acquittal since, even though the aggregate weight of the hydro-codone mixture in each of the four bottles was greater than 85 grams, the amount of hydrocodone in each individual pill was less than four grams.
We recently addressed this issue in State v. Hayes, 720 So.2d 1095 (Fla. 4th DCA 1998). In that case, we adopted the analysis of the United States Supreme Court in Chapman v. United States, 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991), superseded by statute on other grounds as stated in, United States v. Turner, 59 F.3d 481 (4th Cir.1995), and held that where the hydrocodone has been mixed or commingled with a substance which is capable of being consumed along with the hydrocodone, or which facilitates the use, marketing and access of the hy-drocodone, the aggregate weight of the tablets seized, and not the amount of hy-drocodone per dosage unit, is the determinative weight for prosecution under section 893.135(l)(c)1, Florida Statutes (Supp. 1996). See also State v. Baxley, 684 So.2d 831 (Fla. 5th DCA 1996), rev. denied, 694 So.2d 737 (Fla.1997). Therefore, in this case, it was not error for the court to deny Johnson’s motion for judgment of acquittal and submit the issue of his guilt to the jury.
As in Hayes, we align ourselves with State v. Baxley, 684 So.2d 831 (Fla. 5th DCA 1996), rev. denied, 694 So.2d 737 (Fla.1997), and certify conflict with State v. Holland, 689 So.2d 1268 (Fla. 1st DCA 1997) and State v. Perry, 716 So.2d 327 (Fla. 2d DCA 1998)(affirmed dismissal of charges based on Holland).
AFFIRMED.
WARNER, J., and BRYAN, BEN L., Associate Judge, concur.