720 So.2d 1143 (1998)
STATE of Florida, Appellant,
v.
Stephen FALKENSTEIN and Lisa Brown, Appellees.
No. 97-3931.
District Court of Appeal of Florida, Fourth District.
November 12, 1998.
*1144 Robert A. Butterworth, Attorney General, Tallahassee, and Barbra Amron Weisberg, Assistant Attorney General, West Palm Beach, for appellant.
Edward M. Kay of Edward M. Kay, P.A., Fort Lauderdale, for Appellee-Stephen Falkenstein, and Bradley R. Stark, Miami, for Appellee-Lisa Brown.
SHAHOOD, J.
The state appeals the dismissal of drug trafficking charges against appellees, Stephen Falkenstein and Lisa Brown. We reverse.
Appellees were charged with Trafficking in Hydrocodone in violation of Florida Statute section 893.135(l)(c)1, and Grand Theft. They moved to dismiss the charges arguing that although they were in possession of 1500 Vicodin tablets (a prescription pain reliever), which contained an aggregate amount of 11.25 grams of hydrocodone, they could not be prosecuted under section 893.135 since each individual tablet contained less than four grams of the controlled substance. The trial court granted the motions to dismiss based on the rule of statutory construction that when language is susceptible of differing constructions, it shall be construed strictly, in favor of the accused. The court stated that it was therefore compelled to follow State v. Holland, 689 So.2d 1268 (Fla. 1st DCA 1997).
We recently rejected a similar argument and conclusion in Johnson v. State, No. 97-3013, ___ So.2d ___, 1998 WL 746142 (Fla. 4th DCA Oct. 28, 1998) and State v. Hayes, No. 97-2014, 720 So.2d 1095, 1998 WL 646655 (Fla. 4th DCA Sept. 23, 1998). In those cases, we held that where the hydrocodone has been mixed or commingled with a substance which is capable of being consumed along with the hydrocodone, or which facilitates the use, marketing and access of the hydrocodone, the aggregate weight of the tablets seized, and not the amount of hydrocodone per dosage unit, is the determinative weight for prosecution under section 893.135(l)(c)1, Florida Statutes (1996). Hayes (citing Chapman v. United States, 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991), superseded by statute on other grounds as stated in, United States v. Turner, 59 F.3d 481 (4th Cir.1995)); Johnson; see also State v. Baxley, 684 So.2d 831 (Fla. 5th DCA 1996), rev. denied, 694 So.2d 737 (Fla.1997).
Accordingly, we reverse the order of dismissal and remand with directions that the charges be reinstated. As in Hayes and Johnson, we certify conflict with the First District's holding in Holland and the Second District's holding in State v. Perry, 716 So.2d 327, 23 Fla. L. Weekly D1908 (Fla. 2d DCA Aug.14, 1998).
REVERSED AND REMANDED.
DELL and FARMER, JJ., concur.