730 So.2d 813 (1999)
STATE of Florida, Appellant,
v.
Susan DIAL and Virginia Sidelinger, Appellees.
No. 98-2803.
District Court of Appeal of Florida, Fourth District.
April 7, 1999.
Robert Butterworth, Attorney General, Tallahassee, and Debra Rescigno, Assistant Attorney General, West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellees.
PER CURIAM.
Defendants were charged with trafficking or conspiracy to traffic in over four grams of hydrocodone, a violation of section 893.135(1)(c)1, Florida Statutes (1997). Defendants moved to dismiss on the ground that each vicodin tablet contained only 10 mg. of hydrocodone which would not violate section 893.135(1)(c), the trafficking statute. The trial court granted the motions on the authority of State v. Holland, 689 So.2d 1268 (Fla. 1st DCA 1997). The fifth district had taken a contrary position in State v. Baxley, 684 So.2d 831 (Fla. 5th DCA 1996), and after the trial judge ruled in this case, this court agreed with Baxley in State v. Hayes, 720 So.2d 1095 (Fla. 4th DCA 1998) and certified conflict with Holland. Our reasoning is set forth in Hayes and need not be repeated here. We therefore reverse the order of dismissal.
POLEN and SHAHOOD, JJ., concur.
KLEIN, J., concurring specially with opinion.
KLEIN, J., specially concurring.
I reluctantly agree with the majority opinion, because I am bound by our decision in State v. Hayes, 720 So.2d 1095 (Fla. 4th DCA 1998). I say reluctantly because I question whether, when the legislature enacted and amended our drug trafficking statute, it recognized how severe the penalties could be where the form of a drug such as hydrocodone was one to two percent in a commonly used prescription drug. Because section 893.135(1)(c)1 includes four grams or more of hydrocodone or "four grams or more of any mixture containing any such substance," the statute imposes a very harsh penalty for illegally possessing a quantity of pain killers which can be obtained in one prescription.
It means that these defendants, illegally in possession of forty-nine vicodin tablets, a common prescribed pain killer in which the aggregate weight of hydrocodone is less than one-half a gram, are drug traffickers subject to a twenty-five year mandatory minimum sentence and a fine of $500,000. They are subject to the same penalty as a person illegally possessing twenty-eight grams of pure heroin. This anomaly occurs because it is the total weight of the tablets, which are ninety-eight percent a non-controlled substance, which determines the penalty. I therefore prefer the result reached by two of our sister courts, holding that hydrocodone in tablet form is not covered by the trafficking statute. State v. Holland, 689 So.2d 1268 (Fla. 1st DCA 1997) and State v. Perry, 716 So.2d 327 (Fla. 2d DCA 1998).
In arguing that we should reconsider and recede from Hayes, appellees point out that our opinion in Hayes acknowledges that the trafficking statute, so far as hydrocodone is concerned, is "unclear." Hayes, 720 So.2d at 1096. Appellees then argue that when the language of a penal statute "is susceptible of *814 differing constructions, it shall be construed most favorably to the accused," citing our lenity statute, section 775.021(1), Florida Statutes, Perkins v. State, 576 So.2d 1310 (Fla.1991), and cases cited therein. It is also arguable that the opinion of the fifth district found the statute unclear in Baxley because that court applied a statutory construction principle that conflicting or ambiguous provisions of the same legislative act should be read in pari materia so that the fullest effect can be given to each. Baxley, 684 So.2d at 832-33.
Appellees appear to have a good point about this statute being susceptible to different constructions. After all, the first district in Holland and the second district in Perry concluded that the trafficking statute means one thing so far as hydrocodone in tablet form is concerned, and this district in Hayes and the fifth district in Baxley concluded that it means something else. In Hermanson v. State, 604 So.2d 775 (Fla.1992), the Florida Supreme Court reversed defendant's convictions under confusing statutes, observing that both the trial court and the appellate court had "difficulty understanding the interrelationship of the statutes," and that "confusion in lower courts is evidence of vagueness which violates due process." Id. at 781-82. The void for vagueness doctrine is one of the principles underlying our lenity statute. Perkins, 576 So.2d at 1313. I would apply lenity here.