PER CURIAM.
The state appeals the trial court’s dismissal of the information charging the ap-pellee, Ryan Feldman, with trafficking in four grams or more of hydrocodone, or a mixture containing hydrocodone, in violation of section 893.135(l)(c)l, Florida Statutes (1997). We reverse.
The appellee possessed 49 vicodin pills, a hydrocodone mixture containing 7.5 milligrams of hydrocodone and 750 milligrams of acetaminophen. Applying State v. Holland, 689 So.2d 1268 (Fla. 1st DCA 1997), the trial court dismissed the charges because the amount of hydrocodone per dosage unit did not exceed four grams.
However, in State v. Hayes, 720 So.2d 1095 (Fla. 4th DCA 1998), rev. granted, 732 So.2d 327 (Fla.1999), this court recently concluded that the aggregate weight of the vicodin pills seized, and not the amount of hydrocodone per dosage unit, is the determinative weight. See id. at 1097. Therefore, because the aggregate weight of the vicodin pills seized from the appellee exceed four grams, we reverse the order dismissing the information.
Furthermore, as we did in State v. Dial, 730 So.2d 813 (Fla. 4th DCA 1999); State v. Bates, 753 So.2d 114 (Fla. 4th DCA 1998); State v. Falkenstein, 720 So.2d 1143 (Fla. 4th DCA 1998), rev. granted, 729 So.2d 390 (Fla.1999), and rev. granted, Brown v. State, 732 So.2d 325 (Fla.1999); Johnson v. State, — So.2d -, 23 Fla. L. Weekly D2419, 1998 WL 746142 (Fla. 4th DCA Oct.28, 1998), rev. granted, 741 So.2d 1136 (Fla.1999); and Hayes, we certify conflict with Holland and State v. Perry, 716 So.2d 327 (Fla. 2d DCA 1998), rev. granted, 727 So.2d 911 (Fla.1998).
REVERSED and REMANDED; CONFLICT CERTIFIED.
DELL, GUNTHER and HAZOURI, JJ., concur.