SHAHOOD, J.
This is an appeal by Cherryl Gaschler, (appellant) from her conviction and sentence on the charges of trafficking in hy-drocodone, trafficking in oxycodone, and possession of cannabis in excess of twenty grams. We affirm as to all issues raised by appellant, writing briefly to discuss two of the issues raised.
Appellant’s first point on appeal is that the trial court erred in denying her motion for mistrial on two separate occasions where collateral crime evidence and hearsay statements were testified to in the presence of the jury and curative instructions were given by the court. In the first instance, the motion was directed to the arresting officer’s testimony that he had told the confidential informant with whom he was working on the case, to call appellant about buying some pills. The officer then testified, “and we had to use the confidential informant’s phone because that’s the number that the defendant knew.”
Defense counsel moved for a mistrial arguing that, by that comment, the officer had implied that there were prior transactions between appellant and the informant. Counsel also objected that the officer’s comment amounted to double hearsay, that is, hearsay from the confidential informant that appellant knew his phone number. The court sustained the objection, denied the motion for mistrial, and offered to give a curative instruction that the jury disregard that portion of the witness’ response. *1233 Defense counsel said he would prefer a mistrial, but that he would “take the best remedy that the Court offers.” When the jury returned, the court gave the following curative instruction:
Folks, the portion of the witness’ last response, quote, That is the number that the defendant knew, end of quote, has been stricken from the record and you are to disregard that portion of the witness’ response.
The next instance arose during the testimony of the arresting officer’s partner, who testified that the confidential informant had advised him and the arresting officer that he had a large-scale pill supplier known as “Cherryl.” The court sustained an objection to this testimony, and the prosecutor, although arguing that there was no error, stated that he did not object to a curative instruction. The court denied the motion, but instructed the jury that the last response by the witness had been stricken; therefore, they should disregard it.
A mistrial is appropriate only where the error is so prejudicial as to vitiate the entire trial. Hamilton v. State, 703 So.2d 1038 (Fla.1997). A ruling on a motion for mistrial is within the trial court’s discretion. Id. at 1039 (citing Merck v. State, 664 So.2d 939, 941 (Fla.1995)). If reasonable persons could agree with the trial court’s ruling, there was no abuse of discretion. Id. (citing Huff v. State, 569 So.2d 1247, 1249 (Fla.1990)).
Based on the record before us in this case, we cannot say that the trial court abused its discretion in denying either motion for mistrial.
We next address the issue of whether the evidence presented at trial was sufficient to sustain a conviction for trafficking in hydrocodone and trafficking in oxycodone. Appellant acknowledges that the law in this district is as set forth in State v. Hayes, 720 So.2d 1095 (Fla. 4th DCA 1998), review granted, 732 So.2d 327 (Fla.1999), but urges us to either reconsider Hayes or certify conflict with State v. Perry, 716 So.2d 327 (Fla. 2d DCA), review granted, 727 So.2d 911 (Fla.1998), and State v. Holland, 689 So.2d 1268 (Fla. 1st DCA 1997). Pursuant to Hayes, we hold that there was sufficient evidence to sustain appellant’s conviction.
As we did in Johnson v. State, 23 Fla. L. Weekly D2419, — So.2d -, 1998 WL 746142 (Fla. 4th DCA Oct. 28, 1998), State v. Falkenstein, 720 So.2d 1143 (Fla. 4th DCA 1998), review granted, 729 So.2d 390 (Fla.1999), State v. Bates, 24 Fla. L. Weekly D116, — So.2d -, 1998 WL 889483 (Fla. 4th DCA Dec. 23, 1998), and State v. Dial, 730 So.2d 813 (Fla. 4th DCA 1999), we certify conflict with Holland and Perry.
We find appellant’s remaining point on appeal to be without merit, and affirm on that issue without comment.
Affirmed; conflict certified.
WARNER, C.J., and TAYLOR, J., concur.