BLUE, Acting Chief Judge.
Gregory Raub appeals the summary denial of his timely motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Raub raised two grounds. We affirm without discussion the denial of ground one in which Raub alleges there was an insufficient factual basis for his conviction for trafficking in illegal drugs. We reverse the denial of the motion based on Raub’s allegations of ineffective assistance of trial counseL
Upon her initial review of Raub’s motion, the trial judge determined that the motion sufficiently alleged ineffective assistance of trial counsel and ordered the State to respond to that portion of the motion. If the State filed the written answer required by rule 3.850(d), it was not included in the record on appeal. The record, however, does include a transcript of a brief hearing held on the motion. At the hearing, at which Raub was not present, the judge and the assistant state attorney engaged in a conversation regarding Raub’s motion.[1] The judge subsequently denied the motion, but failed to attach to the order “that portion of the files and records that conclusively shows that [Raub] is entitled to no relief.” Fla. R.Crim. P. 3.850(d).
Raub alleged that his trial counsel was ineffective because he failed to file a motion to dismiss the trafficking charge based on State v. Holland, 689 So.2d 1268 (Fla. 1st DCA 1997), which was decided four months prior to Raub’s plea. In Holland, the First District held that “if a mixture containing the controlled substance falls within the parameters set forth in Schedule III, the amount of the controlled substance per dosage unit, not the aggregate amount or weight” is determinative for prosecution under section 893.135(l)(c), Florida Statutes (1993). 689 So.2d at 1270. The factual allegations contained in Raub’s motion suggest that his case was similar to Holland. At the time of Raub’s plea, the Fifth District had ruled in conflict with Holland. See State v. Baxley, 684 So.2d 831 (Fla. 5th DCA 1996). Subsequent to Raub’s plea and sentence, this court addressed the issue and aligned itself with the First District. See State v. *514 Perry, 716 So.2d 327 (Fla. 2d DCA 1998). The Supreme Court of Florida has recently approved Holland and Perry. See Hayes v. State, 24 Fla. L. Weekly S467, — So.2d -, 1999 WL 817189 (Fla. Oct. 7, 1999).
The trial court determined, and we agree, that the second ground of Raub’s motion was legally sufficient. The order ultimately denying the motion does not state the basis for the denial. In light of the legal authority that would have supported a motion to dismiss, an evidentiary hearing is necessary.
Accordingly, we reverse the trial court’s denial of Raub’s motion with regard to the claim of ineffective assistance of trial counsel and remand the case to the trial court to conduct an evidentiary hearing.
Affirmed in part, reversed in part, and remanded for an evidentiary hearing.
NORTHCUTT and CASANUEVA, JJ„ Concur.

. This opinion does not address our concerns with such an ex parte hearing, a procedure of questionable propriety. We note the hearing involved detailed discussions about the merits of Raub's motion and was not a mere "calendar call.”