765 So.2d 784 (2000)
David KLAYMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1312.
District Court of Appeal of Florida, Fourth District.
July 26, 2000.
David Klayman, Moore Haven, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
David Klayman appeals the trial court's denial of his motion for post-conviction relief *785 pursuant to Florida Rule of Criminal Procedure 3.850. He contends that the court erred in failing to apply the supreme court's recent decision of Hayes v. State, 750 So.2d 1 (Fla.1999), to his conviction of trafficking in hydrocodone, and possession, sale, and delivery of alprazolam. We reverse.
In Hayes, the supreme court quashed this court's decision in the underlying case of State v. Hayes, 720 So.2d 1095 (Fla. 4th DCA 1998), quashed, 750 So.2d 1 (Fla. 1999), and held that the drug trafficking statute (section 893.135(1)(c)1, Florida Statutes (Supp.1996)) did not apply to possession of hydrocodone in amounts under fifteen milligrams per dosage unit. Appellant argues that the supreme court's decision in Hayes should be given retroactive application because the effect of the decision has constitutional ramifications for those persons whose sentence was rendered or upheld pursuant to State v. Baxley, 684 So.2d 831, 832-33 (Fla. 5th DCA 1996), and our decision in State v. Hayes. We agree. In State v. Stevens, 714 So.2d 347 (Fla.1998), the supreme court concluded:
We agree with the district court's conclusion that [State v.] Iacovone, [660 So.2d 1371 (Fla.1995)] meets the three-part test for retroactive application of a change in decisional law set forth in Witt v. State, 387 So.2d 922 (Fla.1980): The decision in Iacovone (a) emanates from this Court, (b) implicates matters that are constitutional in nature, and (c) constitutes a development of fundamental significance. See Stevens [v. State], 691 So.2d [622, (Fla. 5th DCA 1997)] at 623-24. Indeed, imposition of a hefty criminal sentence pursuant to a patently "irrational" sentencing scheme "could not withstand a due process analysis" of any sort. State v. Callaway, 658 So.2d 983, 986 (Fla.1995). "The concern for fairness and uniformity in individual cases outweighs any adverse impact that retroactive application of the rule might have on decisional finality." Id. at 987. Id. at 348; see also House v. State, 696 So.2d 515 (Fla. 4th DCA 1997)("To determine whether a decision should be retroactively applied, `the fundamental consideration is the balancing of the need for decisional finality against the concern for fairness and uniformity in individual cases.'")(quoting State v. Callaway, 658 So.2d 983, 986 (Fla.1995)). Those people charged, convicted, and sentenced under this court's decision in State v. Hayes and the fifth district's decision in Baxley may have been sentenced to disproportionate sentences as compared to those persons sentenced in the other districts.
Accordingly, we reverse the trial court's order denying appellant's motion for 3.850 relief and remand for an evidentiary hearing to determine the validity of his sentence pursuant to Hayes v. State, and for resentencing if appropriate.
However, we certify the following question as one of great public importance:
Should the supreme court's decision in Hayes v. State be retroactively applied?
REVERSED and REMANDED.
WARNER, C.J., DELL and HAZOURI, JJ., concur.