HARRIS, J.
The issue in this case is whether the supreme court’s decision in Hayes v. State, 750 So.2d 1 (Fla.1999), which reversed our decision in State v. Baxley, 684 So.2d 831 (Fla. 5th DCA 1996), constitutes a fundamental change in the law so that Russo is permitted to raise an ineffective assistance of counsel claim based on his attorney’s reliance on the existing law of this district even though his appeal was concluded before Hayes was released.
Russo was convicted of trafficking in hydrocodone tablets. He contends that under Hayes, the individual tablets involved in his action contained insufficient hydrocodone to meet the statutory requirements for trafficking. In Baxley, the controlling law of this district at the time of Russo’s trial and appeal, we held, in effect, that the legislature was concerned with the total amount of hydrocodone available for sale and that each tablet should be treated as are individual rocks of cocaine and, since Baxley was not attempting to sell only one tablet, the aggregate weight of hydrocodone in all the tablets available for sale, and not the weight of hydrocodone in any individual tablet, would determine the seriousness of the offense. In Hayes, however, the supreme court reversed us and held that the legislature intended to treat the sale of hydroco-done tablets, regardless of the total weight of hydrocodone available in all the tablets for sale, as only a third degree felony.
Hence, Russo’s complaint is not with his attorney who was merely following the law of this district (which he was required to do) and therefore should not be held to be ineffective. His complaint is with this court which was subsequently found to have incorrectly interpreted the provisions of section 893.135(l)(c)l, Florida Statutes. Here, Russo has no remedy, unfortunately and unfairly as it may appear, unless Hayes fundamentally changed the law. We find no fundamental change in the law and affirm the trial court.
AFFIRMED.
PETERSON, J., concurs.
GRIFFIN, J., concurs in result only.