’ PLEUS, J.
Steven Cady appeals the trial court’s denial of his 3.850 motion for post-conviction relief. He contends that the trial court erred by refusing to retroactively apply the Florida Supreme Court’s recent decision in Hayes v. State, 750 So.2d 1 (Fla.1999) to his conviction of trafficking in hydrocodone. In Hayes, the court held that the drug trafficking statute did not apply to possession of hydrocodone in amounts less then fifteen milligrams per dosage unit. In Russo v. State, 770 So.2d 186 (Fla. 5th DCA 2000), this court held that Hayes did not fundamentally change the law so as to justify a retroactive application of the decision in post-conviction proceedings. In Klayman v. State, 765 So.2d 784 (Fla. 4th DCA 2000), rev. granted, No. SC00-1723, — So.2d - (Fla. Feb.14, 2001), the Fourth District certified the issue of whether Hayes should be retroactively applied. The Klayman court held that Hayes should be retroactively applied on the ground that those persons having been sentenced pursuant to State v. Hayes, 720 So.2d 1095 (Fla. 4th DCA 1998) and State v. Baxley, 684 So.2d 831 (Fla. 5th DCA 1996), rev. den., 694 So.2d 737 (Fla.1997) may have been sentenced to disproportionate sentences as compared to those sentenced in other districts. See Ray v. State, — So.2d -, 2001 WL 38017 (Fla. 4th DCA Jan.17, 2001).
Based upon this court’s decision in Russo, the trial court’s order denying Cady’s 3.850 motion for post-conviction relief is affirmed. We acknowledge, however, conflict with Klayman, and certify the question of whether Hayes should be applied retroactively.
AFFIRMED; QUESTION CERTIFIED.
COBB and PALMER, JJ., concur.