796 So.2d 1227 (2001)
Ricardo JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1965.
District Court of Appeal of Florida, Fourth District.
October 10, 2001.
Carey Haughwout, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Donna L. Eng, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant challenges his conviction for possession of hydrocodone. He contends that his original conviction for trafficking in hydrocodone should have been dismissed after Hayes v. State, 750 So.2d 1 (Fla.1999). Instead, on remand, the trial court reduced it to a possession conviction. We agree that the charge should have been dismissed, although we base this decision on the ground that counsel was ineffective in failing to file a motion to dismiss the trafficking charge prior to appellant's trial.
Appellant was convicted of trafficking in hydrocodone by possession, pursuant to section 893.135(1)(c)1c, Florida Statutes (Supp.1996). He appealed to this court, and we affirmed, following our decision in *1228 State v. Hayes, 720 So.2d 1095 (Fla. 4th DCA 1998). See Johnson v. State, 763 So.2d 368 (Fla. 4th DCA 1998). After the supreme court reversed this court's opinion in Hayes, it quashed our decision in Johnson and remanded for proceedings consistent with Hayes. See Johnson v. State, 753 So.2d 555 (Fla.1999). This court in turn remanded to the circuit court for further proceedings in accordance with Hayes.
When the case returned to the trial court, appellant filed a motion to dismiss the trafficking charge, based on Hayes. However, because appellant's attorney had not filed a motion to dismiss prior to his trial, the state argued that the appropriate disposition would be to reduce the charge to the lesser included offense of possession. The trial court agreed and accordingly convicted appellant of the reduced charge. This ruling is consistent with our directions in Blacker v. State, 767 So.2d 554 (Fla. 4th DCA 2000), and Hadaway v. State, 788 So.2d 255 (Fla. 4th DCA 2000).
Appellant contends that if the failure to file a motion to dismiss prevented the trial court from granting an outright dismissal of all charges, then we should consider that failure as ineffective assistance of counsel apparent on the face of the record. See Fones v. State, 765 So.2d 849, 850 (Fla. 4th DCA 2000) (holding that ineffective assistance of counsel may be considered for the first time on appeal if facts giving rise to the claim are apparent on the face of the record). As we have said before, "[i]nstances where the appellate court will address an ineffectiveness claim on the face of an appellate record are rare indeed." Henley v. State, 719 So.2d 990, 990 (Fla. 4th DCA 1998).
To obtain post-conviction relief for ineffective assistance of counsel, appellant must demonstrate that such representation fell below an objective standard of reasonableness. See Strickland v. Washington, 466 U.S. 668, 687-90, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)(based upon the facts and timing of the case). Appellant must further prove that he was prejudiced by the ineffective representation, such that there is a reasonable probability that the outcome would have been different absent the ineffectiveness. See id. at 694, 104 S.Ct. 2052.
In this case, at the time appellant was charged, State v. Baxley, 684 So.2d 831, 832-33 (Fla. 5th DCA 1996), held that a defendant could be convicted of trafficking hydrocodone by possession by using the aggregate weight of the entire mixture. On March 20, 1997, the first district came to the opposite conclusion in State v. Holland, 689 So.2d 1268, 1269-70 (Fla. 1st DCA 1997). Appellant was not convicted until July 16, 1997, nearly four months after Holland. This court did not rule on the issue until September of 1998 when we decided Hayes.
The issue is whether reasonably effective counsel should have been aware of the Holland decision and should have raised that issue through a motion to dismiss in this case. We think that it constitutes a serious and substantial deviation from accepted standards of representation not to have filed a motion to dismiss the trafficking charge when there was a recognized conflict in the districts, one district had concluded that the trafficking charge must be dismissed, and this district had not decided the issue. See Dixon v. Singletary, 672 So.2d 602, 603 (Fla. 3d DCA 1996). A reasonably effective criminal defense attorney must keep himself or herself informed of significant developments in the criminal law, including decisions of other district courts around Florida. See Villavicencio v. State, 719 So.2d 322, 323 (Fla. 3d DCA 1998), rev. denied, 732 So.2d *1229 329 (Fla.1999). Even if the trial court had followed Baxley instead of Holland in deciding a motion to dismiss, the filing of the motion would have preserved the opportunity for counsel to argue for outright dismissal throughout the appellate proceedings. The ineffectiveness thus appears on the face of the record.
Had counsel filed the motion to dismiss, the outcome of these proceedings would have been different. Instead of receiving a reduction to the charge of possession, the charge would have been dismissed, as it would have been in the same posture as Hayes. Although the state argues that appellant suffered no prejudice because it could have refiled a possession charge against him, for which he would have been convicted, Strickland simply requires a different outcome of the pending proceedings. 466 U.S. at 694, 104 S.Ct. 2052. Whether or not the state would have refiled possession charges is a matter for future decision-making. If it did, appellant might have been eligible to participate in pretrial intervention as authorized by section 948.08(2), Florida Statutes (2000). Successful completion of that program would have resulted in dismissal of the charge.
Because the ineffective assistance of counsel appears on the face of the record, and the standards of Strickland are met, we reverse and remand for entry of a judgment dismissing the hydrocodone charge.
GROSS and HAZOURI, JJ., concur.