808 So.2d 194 (2002)
STATE of Florida, Petitioner,
v.
Domina TRAVIS, Respondent.
No. SC00-902.
Supreme Court of Florida.
January 17, 2002.
Robert A. Butterworth, Attorney General, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, FL, for Petitioner.
James B. Gibson, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, FL, for Respondent.
QUINCE, J.
We have for review Travis v. State, 754 So.2d 59 (Fla. 5th DCA 2000) which expressly and directly conflicts with the decision in Hayes v. State, 750 So.2d 1 (Fla. 1999). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the following reasons, we quash the decision of the Fifth District Court of Appeal.
Domina Travis (Travis) was charged under section 893.135(1)(c)1.b., Florida Statutes (1997), with trafficking in fourteen grams or more of oxycodone, a schedule II controlled substance listed in section 893.03(2)(a)1.o., Florida Statutes (1997). Travis was also charged with obtaining the oxycodone by misrepresentation, fraud, forgery, deception or subterfuge. The oxycodone was contained in thirty tablets of Roxicet, which Travis obtained from a pharmacy by presenting a false prescription. Each tablet of Roxicet contained five milligrams of oxycodone mixed with 325 milligrams of acetaminophen (Tylenol), a non-controlled substance. Travis filed a motion to dismiss the charges arguing that because the total amount of oxycodone was only .15 grams she could not be charged with trafficking. The trial court denied the motion to dismiss, and Travis entered pleas of nolo contendere[1] to the lesser offense of attempted trafficking in more than four grams but less than fourteen grams of oxycodone and obtaining oxycodone by fraud. She was sentenced to two days in jail and given a probation term of seven years.
Travis appealed the trial court's denial of the motion to dismiss to the Fifth District Court of Appeal. The Fifth District *195 reversed the order of the trial court, noting this Court's decision in Hayes v. State, 750 So.2d 1 (Fla.1999), and finding that the total weight of oxycodone did not meet the threshold requirement of the statute. We quash the decision by the Fifth District and remand with instructions to reinstate the trial court's order denying dismissal.
The central issue is whether Travis could be properly charged and sentenced under the drug trafficking statute if the total weight of the controlled substance alone does not trigger the four-gram limit. The trafficking statute at issue, section 893.135(1)(c)1, Florida Statutes (1997), provides in relevant part:
Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 4 grams or more of any morphine, opium, oxycodone, hydrocodone, hydromorphone, or any salt, derivative, isomer, or salt of an isomer thereof, including heroin, as described in s. 893.03(1)(b) or (2)(a), or 4 grams or more of any mixture containing any such substance, but less than 30 kilograms of such substance or mixture, commits a felony of the first degree, which felony shall be known as "trafficking in illegal drugs."

(Emphasis added.) This Court in Hayes v. State, 750 So.2d 1 (Fla.1999), indicated that the term "any mixture containing any such substance" referred to the substances listed in schedules I and II only. We opined that:
[T]he Fourth District focused on the meaning of "mixture" in concluding that it was not the amount of hydrocodone per dosage unit but the aggregate weight of the tablets seized which controlled. See Hayes, 720 So.2d at 1097. We, however, conclude that the statute must be read strictly with the focus on the term "such," which restricts the phrase "any mixture," by referring back to the restrictive phrase "as described in s. 893.03(1)(b) [Schedule I] or (2)(a) [Schedule II]." Thus, a close reading of the statutory language reveals that "such mixture" applies only to mixtures containing Schedule I or II substances.
Id. at 5. Thus, we concluded that because hydrocodone was also listed as a schedule III substance and because each of the tablets involved was a schedule III substance, Hayes was not eligible for prosecution under the drug trafficking statute. See id.
While the aggregate weight of the controlled substance was discussed in the Hayes opinion, the salient point of the discussion involved the language from schedule III which leads to the conclusion that hydrocodone cannot be aggregated. We said:
Each schedule states that hydrocodone is listed in that schedule "unless listed in another schedule." §§ 893.03(2)(a), .03(3)(c). Therefore, the express statutory terms require that Schedules II and III be read with reference to one another. See Preface, Fla. Stat.; Van Pelt, 75 Fla. at 808-09, 78 So. at 698. The Schedule III definition specifically provides that if the amount of hydrocodone is not more than "300 milligrams of hydrocodone per 100 milliliters or not more than 15 milligrams per dosage unit," then it is a Schedule III substance. Because Schedule II includes hydrocodone not listed in another schedule, it follows that only hydrocodone in amounts in excess of fifteen milligrams per dosage unit or 300 milligrams per 100 milliliters can be a Schedule II substance.
Id. at 4 (emphasis added). In other words, only if a dosage unit, a Lorcet tablet in the Hayes case, contains more than fifteen milligrams could the hydrocodone be considered *196 a schedule II controlled substance. Thus, the language of the schedule by referring to "dosage unit" has forbidden aggregation.
This case differs from Hayes in two very important respects. First, the controlled substance involved is oxycodone, and oxycodone is listed as a schedule II substance only. Secondly, there is no language in schedule II concerning "dosage unit." The operative language for schedule II controlled substances, substances that are subject to the trafficking statute, is found in section 893.135(1)(c)1., which provides in pertinent part:
Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 4 grams or more of any ... oxycodone ... or 4 grams or more of any mixture containing any such substance ... commits a felony of the first degree, which felony shall be known as "trafficking in illegal drugs."
Unlike the section containing the schedule III controlled substances, nothing in this section prohibits aggregating the number of tablets possessed by the defendant in order to meet the threshold amount for drug trafficking. Indeed the plain language of the statute and our decision in Hayes support aggregation. The mixture referred to in section 893.135 is the combination of the oxycodone and the non-controlled substance that is contained in each Roxicet tablet.[2] As with most other controlled substances, the total amount that the defendant has in his possession is added together to determine what charge or charges will be filed against him. See, e.g., Mosely v. State, 659 So.2d 1342 (Fla. 5th DCA 1995); Julian v. State, 545 So.2d 347 (Fla. 1st DCA 1989).
Since our decision in Hayes, there exists a conflict among the district courts as to whether Hayes stands for the proposition that aggregate weighing of a mixture containing a controlled substance is prohibited. In Eagle v. State, 772 So.2d 1 (Fla. 2d DCA 2000), the Second District affirmed the trial court's denial of a defendant's motion to dismiss an information for trafficking in a number of oxycodone tablets and distinguished our decision in Hayes. The Second District opined that "in calculating Schedule II substances for purposes of section 893.135(1)(c)1, the supreme court indicated that the total weight of each tablet should be multiplied by the number of tablets." Id. at 3. On the other hand, the Fifth District in this case reversed the trial court's denial of a motion to dismiss because the oxycodone in each tablet did not meet the threshold amount for trafficking. As our opinion today and our opinion in Hayes indicate, we agree with the Second District and hold that under the trafficking statute the total weight of an oxycodone tablet, a schedule II controlled substance, should be multiplied by the number of tablets in determining whether the amount possessed meets the threshold for trafficking purposes.
Therefore, we resolve the conflict by approving the decision of the Second District in Eagle and quashing the decision of the Fifth District in Travis.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
NOTES
[1] The nolo contendere pleas were entered reserving the right to appeal the denial of the motion to dismiss.
[2] It should be noted that the 2001 Legislature has amended section 893.02, Florida Statutes (2001), to include a definition for mixture. Section 893.02(14) provides: "`Mixture' means any physical combination of two or more substances."