PER CURIAM.
Wayne Reistad appeals the order denying his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
Reistad alleges that he possessed less than 15 milligrams per dosage unit of hy-drocodone and thus his trafficking conviction should be vacated under Hayes v. State, 750 So.2d 1 (Fla.1999), and Klayman v. State, 765 So.2d 784 (Fla. 4th DCA 2000), rev. granted, 786 So.2d 1189 (Fla.2001). The trial court denied the motion without conducting an evidentiary hearing or attaching portions of the record which conclusively refute Reistad’s claim. Accordingly, we reverse the denial of relief as to this claim and remand for further proceedings.
Reistad also alleges that his plea of no contest was involuntary and should be withdrawn. When Reistad entered his plea, the Supreme Court of Florida had not yet resolved the conflict among the district courts concerning the use of aggregate or per dosage concentrations of hy-drocodone for trafficking purposes under section 893.135(l)(c)l, Florida Statutes (Supp.1996). Reistad contends that he would not have entered his plea had his offense been classified as a third degree felony. The trial court did not address this claim. Therefore, we remand for consideration of this issue.
In all other respects, we affirm.
AFFIRMED IN PART; REVERSED IN PART.
FARMER, GROSS and TAYLOR, JJ., concur.