PER CURIAM.
In 1998 appellant pled guilty to separate charges of trafficking in oxycodone and trafficking in hydrocodone. This appeal is from an order denying her rule 3.850 motion alleging that Ipoth of her sentences were illegal because they exceeded the statutory maximum under a case decided after her plea, Hayes v. State, 750 So.2d 1 *1167 (Fla.1999)(holding that drug trafficking statute did not apply to possession of hy-drocodone where the aggregate amount of the hydrocodone concentration — 15 milligrams per dosage unit — didn’t equal or exceed 4 grams). We have concluded that Hayes applies retroactively. Klayman v. State, 765 So.2d 784 (Fla. 4th DCA 2000), rev. granted, 786 So.2d 1189 (Fla.2001). We therefore reverse the conviction and sentence for trafficking in hydrocodone and remand for resentencing under the 1994 sentencing guidelines.
In State v. Travis, 808 So.2d 194 (Fla.2002), our supreme court concluded that the rationale of Hayes, which involved only hydrocodone, did not apply to oxycodone, because of statutory differences. We therefore affirm the denial of relief as to appellant’s conviction and sentence for trafficking in oxycodone.
GUNTHER, KLEIN and SHAHOOD, JJ., concur.