229 N.J. Super. 179 (1988)
550 A.2d 1298
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, CROSS-APPELLANT,
v.
JULIUS WILLIAMS, JR., DEFENDANT-APPELLANT, CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 25, 1988.
Decided December 12, 1988.
*180 Before Judges MICHELS, LONG and KEEFE.
Alfred A. Slocum, Public Defender, attorney for appellant (William E. Norris, Designated Counsel, of counsel and on the letter brief).
W. Cary Edwards, Attorney General, attorney for respondent (Robert G. Brehme, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by LONG, J.A.D.
After a jury trial on Bergen County Indictment No. S-686-86, defendant Julius Williams, Jr. was convicted of distribution of a controlled dangerous substance, cocaine, in violation of N.J.S.A. 24:21-19a(1) (count one); possession of a controlled dangerous substance, cocaine, with intent to distribute, in violation of N.J.S.A. 24:21-19a(1) (count two); possession of a controlled dangerous substance, cocaine, in violation of N.J.S.A. 24:21-20a(1) (count three) and burglary, in violation of N.J.S.A. 2C:18-2 (count five). After merging counts two and three into count one, the trial judge sentenced defendant on count one to a custodial term of ten years and on count five to a concurrent five year custodial term. Defendant was also assessed an appropriate Violent Crimes Compensation Board penalty. He appeals, claiming that the following trial errors warrant reversal:

*181 POINT I:
THE COURT ERRED IN SUBMITTING THE BURGLARY CHARGE TO THE JURY WHICH DENIED DEFENDANT DUE PROCESS OF LAW. (Not Raised Below).
POINT II:
THE DEFENDANT'S SENTENCE WAS MANIFESTLY EXCESSIVE.
We have carefully reviewed this record and have concluded that defendant's contentions as to his sentence are entirely lacking in merit. R. 2:11-3(e)(2).
We have also concluded that defendant's claim that it was error for the trial judge to submit the burglary charge to the jury is wide of the mark. This issue requires further discussion. The evidence showed that, in an effort to escape arrest by the police who had observed him in a drug transaction and identified themselves, defendant ran up the stairs of his building, jumped from the fire escape of the building to the fire escape of an adjoining building, removed the window screen from an apartment in that building and entered the apartment. Shortly thereafter he exited the apartment through the window he had entered and descended the fire escape, at which point he was apprehended. Upon his arrest, fifteen vials of cocaine were found on defendant's person. The occupants of the apartment reported to the police that they found a wristband with three vials of what later proved to be cocaine near the window defendant had used to enter.
At the close of the State's case, defendant moved to dismiss count five of the indictment which charged burglary because the State had failed to show any purpose on defendant's part to commit an offense when he entered the apartment. The trial judge denied the motion although he did instruct the jury on the lesser charge of criminal trespass (N.J.S.A. 2C:18-3) at defendant's request. On this evidence, defendant was convicted of certain drug offenses, not at issue here and of burglary.
"Burglary" is defined in N.J.S.A. 2C:18-2 as follows:

*182 a. Burglary defined. A person is guilty of burglary if, with purpose to commit an offense therein he:
(1) Enters a structure, or a separately secured or occupied portion thereof, unless the structure was at the time open to the public or the actor is licensed or privileged to enter; or
(2) Surreptitiously remains in a structure or a separately secured or occupied portion thereof knowing that he is not licensed or privileged to do so.
b. Grading. Burglary is a crime of the second degree if in the course of committing the offense, the actor:
(1) Purposely, knowingly or recklessly inflicts, attempts to inflict or threatens to inflict bodily injury on anyone; or
(2) Is armed with or displays what appear to be explosives or a deadly weapon.
Otherwise burglary is a crime of the third degree. An act shall be deemed `in the course of committing' an offense if it occurs in an attempt to commit an offense or in immediate flight after the attempt or commission.
There is no question but that defendant entered a structure when he was not licensed or privileged to do so. The question is whether he did so "with purpose to commit an offense therein." The sum and substance of defendant's argument is as follows:
The trial judge, during his charge to the jury, indicated that the defendant's purpose was the eluding of police officers. However, the evidence belies this particular interpretation since the defendant was seen to go in there is no indication of any other actions by the police or the residents of the apartment before the defendant emerges some minutes later and continues his flight. Evidence later shows that a wristband containing three vials is found in the kitchen of the apartment. The only permissible inferences that the defendant entered the apartment in order to rid himself of some of the incriminating evidence in his possession. Since there is no evidence otherwise, the court should not have instructed the jury on this particular count. This does not mean that the count of criminal trespass charged to the jury as a lesser included crime would not itself have been proper.
By this argument, defendant concedes that he actually committed a crime while in the apartment: concealment of evidence to hinder prosecution contrary to N.J.S.A. 2C:29-3b(1). Standing alone, this would have been sufficient to undergird a burglary conviction. Unfortunately, this theory was not charged to the jury as the basis for the burglary count. Rather, the jury was instructed that it could find defendant guilty of burglary if it found that he entered the apartment "with purpose to commit *183 an offense therein, that is the offense of eluding a police officer."
Defendant does not argue that an intent to elude the police would not support the burglary count. Rather, he claims that there are no facts in this record to show that he was eluding the police. On the contrary, the evidence clearly supports the inference that defendant entered the apartment from the fire escape in an effort to resist arrest and elude the police (contrary to N.J.S.A. 2C:29-2) who had observed him engage in a drug transaction and who had identified themselves to him. The entry into the apartment was a continuation of the offense of eluding which began at the point at which defendant first ran from the police. Thus it was not a separately punishable event. However, this does not alter the fact that defendant entered the apartment for the purpose of committing the crime of eluding. We think that the jury correctly identified the facts in this case as quite different from those which would justify a criminal trespass conviction. The critical distinction is defendant's purpose. For the lesser offense of criminal trespass, no evil purpose need be shown, only unauthorized entry. For the greater offense of burglary, defendant's entry must be accompanied by the purpose of committing an offense. The continuing intention to elude the police meets that requirement. We thus affirm.
The State cross-appeals contending that the trial judge erred in merging defendant's conviction for possession of cocaine with intent to distribute (N.J.S.A. 24:21-19a(1)) into his conviction for distribution of cocaine (N.J.S.A. 24:21-19a(1)). The facts established at trial indicated that the police observed defendant sell one vial of cocaine, that he discarded three more vials in the apartment he entered while attempting to elude the police and that fifteen vials of the drug were found on his person. We agree with the State that on these facts, the merger was inappropriate. State v. Jester, 68 N.J. 87 (1975). Here, the drugs were distinct; the distribution count was *184 supported by the vial which was sold in the presence of the police (State v. Jester, supra, 68 N.J. at 90), and the possession with intent to distribute count was supported by the fifteen vials found on defendant after his arrest. In addition, the offenses occurred at separate stages in the proscribed course of conduct. The offense of possession with intent to distribute involved the transportation and placement of drugs into the stream of illegal commerce. State v. Ruiz, 68 N.J. 54, 58 (1975). The distribution offense focused on the final step in drug trafficking, transfer to someone else. Ibid. Nothing in this case suggests even obliquely that defendant's possession was "fleeting and shadowy" and incident to the charged distribution so as to justify merger under State v. Booker, 86 N.J. Super. 175, 178 (App.Div. 1965). We thus reinstate the conviction on count two and remand the case for resentencing on that conviction.