696 So.2d 1280 (1997)
Shawanna DENNIS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2278.
District Court of Appeal of Florida, Fourth District.
July 16, 1997.
*1281 Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia Ann Ash, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, Judge.
Shawanna Dennis appeals her conviction of second degree murder after a jury trial. On the major point on appeal, we affirm the conviction without prejudice to her pursuit of an ineffective assistance of counsel claim in a motion for postconviction relief.
At the age of 15, Dennis stabbed her 28-year old boyfriend, Isaac McNeil. The two had had a sexual relationship for two years prior to the stabbing. Several days before the murder, Dennis loaned McNeil $100 to bond out of jail on a charge of criminal mischief for flattening his wife's tires. The criminal incident in this case began when Dennis confronted McNeil about repaying the loan.
Four state eyewitnesses testified that Dennis was the aggressor in the confrontation and that McNeil did not hit, strike or threaten her. One of these witnesses was completely impartial  an insurance agent from West Palm Beach who was servicing an account in Okeechobee. He said that McNeil stood still with his hands at his side while Dennis held him by the collar of his shirt. Later, the witness saw Dennis use a bicycle to chase McNeil while making stabbing motions, holding something wrapped in her hand.
Dennis did not testify at trial, but her statement to the police was read to the jury. In the statement, she maintained that she was defending herself at the time she stabbed McNeil. She claimed that McNeil threw her to the ground and tried to hit her; that when she ran away, McNeil chased after her on a bike and tried to throw the bike on top of her; that McNeil began fighting her again, striking her in the head with his fists and that to defend herself, she picked up a broken beer bottle and "cut him."
During closing, Dennis's attorney argued the insufficiency of the evidence and that a lesser included offense was more appropriate for conviction, if any. Defense counsel did not request a self defense instruction, nor did he pursue that theory during closing. The court instructed the jury on justifiable and excusable homicide but did not give the instruction on the justifiable use of deadly *1282 force. Fla. Std. Jury Instr. (Crim.) pp. 40  43.
Dennis argues that she is entitled to a new trial as a result of ineffective assistance of counsel, because her trial attorney failed to request a self defense instruction.
The general rule is that the adequacy of a lawyer's representation may not be raised for the first time on a direct appeal. The rationale for the rule is that that issue has not been raised or ruled on by the trial court. State v. Barber, 301 So.2d 7, 9 (Fla. 1974).
An appellate court must confine itself to a review of only those questions which were before the trial court and upon which a ruling adverse to the appealing party was made.
Id. The case law basis for the rule has been reinforced by the passage of section 924.051, Florida Statutes (Supp.1996). Section 924.051(2) provides that the right to direct appeal "may only be implemented in strict accordance with the terms and conditions" of section 924.051. Section 924.051(3) provides that
[a]n appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error.
An issue is not "preserved" within the meaning of the statute unless it was "timely raised before, and ruled on by, the trial court." § 924.051(1)(b), Fla. Stat. (Supp.1996).
Under both the statute and case law, the proper procedural vehicle for an ineffective assistance of counsel claim is a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. Rule 3.850 procedures allow for full development of the issue of counsel's incompetence under the standards of Downs v. State, 453 So.2d 1102 (Fla.1984) and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When a motion for post-conviction relief is first raised in the trial court, trial counsel and the state have a full opportunity to refute the claim that the representation of a defendant amounted to a constitutional violation. See Williams v. State, 438 So.2d 781, 787 (Fla.1983), cert. denied, 465 U.S. 1109, 104 S.Ct. 1617, 80 L.Ed. 2d 146 (1984).
This case demonstrates why the law should require an ineffective assistance claim to be presented first to the trial court. The record does not contain counsel's thinking concerning the self defense issue. Nor do the pages of the transcript give any sense of how the trial developed. It may have been that the state witnesses were so numerous and so convincing that a self defense approach withered under scrutiny and that counsel would have lost credibility with the jury by advancing it. This case does not present that narrow category of cases  such as where the claim of ineffectiveness arises from a conflict of interests between co-defendants represented by the same attorney  to justify departure from the general rule requiring the ineffectiveness of counsel issue to be presented first to the trial court in a motion for post-conviction relief. See Foster v. State, 387 So.2d 344 (Fla.1980); Gordon v. State,[1] 469 So.2d 795 (Fla. 4th DCA 1985) (ineffectiveness based on defense counsel's failure to object to repeated prosecutorial improprieties), cert. denied, 480 So.2d 1296 (Fla.1985); Washington v. State, 419 So.2d 1100, 1101, n. 3 (Fla. 3d DCA 1982); Wright v. State, 423 So.2d 633 (Fla. 5th DCA 1982).
As to the remaining issues, we find error only on the point the state concedes. The case must be remanded for the trial court to enter a written order reflecting its decision to sentence Dennis as an adult. See Grayson v. State, 671 So.2d 855 (Fla. 4th DCA 1996); § 39.059(7)(d), Fla. Stat. (1995).
We affirm the conviction without prejudice to a Rule 3.850 motion and remand to the trial court for the entry of a written sentencing order.
FARMER and STEVENSON, JJ., concur.
NOTES
[1] We do not reach in this case the continued viability of Gordon v. State in light of the passage of section 924.051, Florida Statutes (Supp.1996).