698 So.2d 577 (1997)
Marlin Mason KARP, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-3407.
District Court of Appeal of Florida, Third District.
July 30, 1997.
*578 Bennett H. Brummer, Public Defender and Harvey H. Sepler, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Sylvie Perez Posner, Assistant Attorney General, for appellee.
Before NESBITT, GREEN and FLETCHER, JJ.
PER CURIAM.
After a jury trial in which he was convicted and sentenced for burglary of an occupied structure (i.e., namely a closed restaurant) and possession of burglary tools (i.e., a screwdriver), Marlin Mason Karp argues on appeal that the trial court erred in failing to strike the entire venire panel after a prospective juror made certain comments which Karp believed to have been inflammatory and prejudicial and the trial court further erred in failing to grant his motion for judgment of acquittal on each of the counts. We affirm.
The evidence taken in the light most favorable to the state was that a police officer observed Karp outside of a closed Chinese restaurant. The restaurant had closed at 10:00 p.m. and its owner had left the back door closed but unlocked because he was expecting an exterminator. The owner had left an employee inside the restaurant to await the exterminator's arrival. Thereafter, a police officer observed Karp from a close distance in the alleyway behind the restaurant for approximately 10-15 minutes. During this time, the officer observed Karp in a crouched position over the back door of the restaurant and saw Karp direct his attention to the back door handle of the restaurant. The officer radioed this information to other officers who were also surveilling the area. Suddenly, the officer saw the door open and Karp enter the restaurant. At this point, the officer advised the other officers. As one of the officers approached the restaurant, Karp exited and ran down an alleyway. Karp was subsequently stopped and patted down. During the pat down, the police recovered a screwdriver. Karp was then taken into custody. When the police went back to the restaurant for further investigation, they noticed that there was fresh paint removed from the back door which suggested to them that it had recently been pried.
On this appeal, Karp assigns as error the trial court's refusal to strike the entire venire panel after one potential juror spontaneously made certain comments that Karp deemed to be highly prejudicial. Our review of the record, however, reveals that this issue was not preserved for appellate review where Karp unconditionally accepted and tendered the selected jury before it was sworn without renewing his objection. See Joiner v. State, 618 So.2d 174, 176 (Fla.1993).
Karp next asserts that the trial court erred by denying his motion for judgment of acquittal on the burglary charge because there was no evidence of his intent to commit a crime in the subject restaurant upon his entry therein. At best, Karp asserts that the evidence supported nothing more than a simple trespass. We disagree. The state produced eyewitness testimony that Karp stealthily entered the closed restaurant and that his entry was without the owner's consent. According to section 810.07(1), Florida *579 Statutes (1993)[1], this evidence was sufficient prima facie evidence of Karp's intent to commit an offense inside of the restaurant.
Finally, Karp asserts that the denial of his motion for judgment of acquittal on the charge for possession of burglary tools was error where the object possessed, a screwdriver, was a common household object and there was no evidence that he actually utilized this object to effectuate the burglary of the restaurant. Section 810.06, Florida Statutes (1993), provides in relevant part that:
Whoever has in his possession any tool, machine, or implement with intent to use the same, ... to commit any burglary or trespass shall be guilty of a felony of the third degree,....
Thus, the statute plainly requires the state to prove beyond a reasonable doubt not only that the accused intended to commit a burglary or trespass while the tools were in his possession, but that the accused actually intended to use those tools to perpetrate the crime. See Thomas v. State, 531 So.2d 708, 709 (Fla.1988). Since Thomas, as the state correctly points out, the supreme court has receded from its earlier position that a distinction is to be drawn between common household items and devices that are per se burglary tools. See 531 So.2d at 710. Moreover, in Thomas the court said:
[T]he specific intent to commit a burglary or trespass using tools, instruments or machines in the defendant's possession or control exists when he or she engages in or causes some overt act toward the commission of the burglary or trespass, which goes beyond merely thinking or talking about it. The overt act necessary to prove intent need not be limited to the actual use of an item in committing the trespass or burglary, but need only manifest the specific criminal intent.
Id. at 710.
Based upon the evidence adduced at the trial below, we conclude that a jury could reasonably infer that Karp intended to use or did in fact use the screwdriver to open the back door of the restaurant while he was in a crouched position.[2] We therefore conclude that the lower court's denial of the motion for judgment of acquittal on this count was not error as well.
Affirmed.
NOTES
[1] That section provides:

In a trial on the charge of burglary, proof of the entering of such structure or conveyance at any time stealthily and without consent of the owner or occupant thereof is prima facie evidence of entering with intent to commit an offense.
[2] Although Karp was not actually observed by the officer using the screwdriver to open the door, the jury could have reasonably inferred that Karp had started to attempt to open the door with the screwdriver only to discover that the door was unlocked.