776 So.2d 960 (2000)
Arthur Lee BUFFINGTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-2382.
District Court of Appeal of Florida, Third District.
December 20, 2000.
Rehearing Denied January 31, 2001.
*961 Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Fredericka Sands, Assistant Attorney General, for appellee.
Before LEVY, GODERICH, and GREEN, JJ.
PER CURIAM.
Arthur Lee Buffington ("the defendant") appeals his convictions and sentences for: (1) Armed Robbery; (2) Unlawful Possession of a Firearm while Engaged in a Criminal Offense; and (3) Possession of Burglary Tools. For the following reasons, we affirm in part, reverse in part and remand for resentencing.
We affirm the defendant's conviction and sentence for Armed Robbery, finding sufficient evidence in the record to support the defendant's participation in the offense as a principal. See § 777.011, Fla.Stat. (1997).
We reverse the defendant's conviction and sentence for Possession of a Firearm while Engaged in a Criminal Offense based upon the State's candid and correct concession that it violates the defendant's double jeopardy rights. Where, as here, the defendant's Armed Robbery conviction was enhanced because of the defendant's use of a firearm, the single act involving the use of the same firearm during the commission of the same robbery cannot form the basis of a separate conviction and sentence for Unlawful Possession of a Firearm while Engaged in a Criminal Offense. See Cleveland v. State, 587 So.2d 1145 (Fla.1991).
We reverse the defendant's conviction and sentence for Possession of Burglary Tools. While a screwdriver was found in the stolen vehicle's center console, the State produced no evidence that the screwdriver was used to gain entry into the vehicle. At most, the evidence showed that the screwdriver was used as a "replacement key" to steal the vehicle after entry had been gained. While this evidence supported the defendant's unchallenged conviction for Auto Theft, it did not support the defendant's conviction for Possession of Burglary Tools. We find this case factually indistinguishable from Hierro v. State, 608 So.2d 912, 915 (Fla. 3d DCA 1992), wherein this Court held that "[i]n order for the State to establish that the screwdriver was a burglary tool, the State needed to adduce testimony showing that the defendant used, or actually intended to use, the screwdriver to commit a burglary or a trespass." See also Calliar v. State, 760 So.2d 885 (Fla.1999).
The defendant's conviction and sentence for Armed Robbery is affirmed, and his convictions and sentences for Unlawful Possession of a Firearm while Engaged in a Criminal Offense and Possession of Burglary Tools are reversed and this cause remanded with directions that the defendant *962 be resentenced in accordance with this opinion.
Affirmed in part, reversed in part and remanded with directions.