ON MOTION FOR CLARIFICATION

PER CURIAM.
On appellant’s motion for clarification, we address our reasoning for affirming the point on appeal regarding appellant’s ineffective assistance of counsel claim. Generally, such claims are not reviewable on direct appeal, but are more properly raised in a motion for postconviction relief. See McKinney v. State, 579 So.2d 80, 82 (Fla.1991). However, an exception to this rule exists where the deficient performance of counsel and the prejudice to the defendant are apparent on the face of the record. Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla.1987). Here, Burgess argues that his attorney should have moved to suppress the victim’s identification of him at a live post-information, pre-trial lineup because he did not have counsel present.[1] Our review of the record, however, does not clearly show that Burgess was unrepresented by counsel at the lineup. Because the validity of Burgess’ claim is not apparent from the face of the record, we do not address it.
GUNTHER, POLEN, JJ., and DONNER, STEELE, Associate Judge, concur.

. A post-information lineup without counsel is unconstitutional. United States v. Wade, 388 U.S. 218, 236-37, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).