Based upon our independent review of the record, as well as the State’s candid and correct confession of error, we agree with Defendant that his conviction of unlawful possession of firearm during commission of felony violated double jeopardy, where he was also convicted of manslaughter with a firearm. See Cleveland v. State, 587 So.2d 1145 (Fla.1991)(concluding that a person could not be convicted of both attempted robbery with a firearm and use of a firearm while committing a felony where the charges stem from a single act); McGahee v. State, 600 So.2d 9 (Fla. 3d DCA 1992)(deciding a Defendant’s conviction of unlawful possession of firearm during commission of felony violated double jeopardy, where defendant was also convicted of attempted manslaughter with a firearm). See also Buffington v. State, 776 So.2d 960 (Fla. 3d DCA 2000)(observing that where a robbery conviction is enhanced because of use of firearm in committing robbery, a single act involving use *525 of same firearm in commission of same robbery cannot form basis of separate conviction and sentence for use of firearm while committing felony); Allen v. State, 643 So.2d 87 (Fla. 3d DCA 1994)(concluding double jeopardy rights of defendant were violated by enhancing manslaughter conviction for weapons use while independently convicting defendant for weapons possession). Accordingly, we reverse the conviction for possession of a firearm in the commission of a felony and remand the case for resentencing.