795 So.2d 1114 (2001)
Neil NICARRY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-2844.
District Court of Appeal of Florida, Fifth District.
October 5, 2001.
*1115 F. Wesley Blankner, Jr., of Jaeger & Blankner, Orlando, for Appellant, Neal Nicarry.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, J.
Nicarry committed traffic offenses in the presence of a police officer. The officer turned on his blue light to effectuate a stop but Nicarry ignored him and proceeded to SR 436 in an effort to elude the officer. Because the incidents which prompted the chase were merely traffic offenses, the officer cut off hot pursuit when Nicarry entered the highway. The officer, joined by another officer and with the assistance of a police helicopter, continued to follow Nicarry at a distance. At some point, Nicarry ran his vehicle into a fence, abandoned the vehicle, fled on foot into a neighborhood and took shelter in a shed in a resident's backyard. In order to enter the shed, Nicarry was required to remove a screwdriver which was being used in the hasp to keep the door closed. He was ultimately discovered in the shed. He exited the shed with the screwdriver in his hands and was shot twice. Nicarry was convicted of armed burglary of an occupied dwelling and aggravated fleeing and eluding. He was also charged with aggravated assault on law enforcement officers because he charged out of the shed with the screwdriver in his hands threatening the officers. The jury acquitted him of this offense. Because of traffic offenses which went awry, Nicarry was sentenced to life in prison as a Prison Releasee Reoffender for the armed burglary of an occupied dwelling and ten years concurrently on the aggravated fleeing and eluding count.
We reverse the conviction for armed burglary, finding that there was insufficient evidence that the screwdriver alleged herein was a "dangerous weapon." Although a screwdriver can qualify as a "dangerous weapon" depending on how it is used, here the allegation that Nicarry "brandished it against the law enforcement officers" was rejected by the jury in acquitting him of the aggravated assault charge. In count 1 of the information, Nicarry was charged with arming himself with "a dangerous weapon, to wit: a screwdriver." There were no allegations *1116 in count 1 indicating how the screwdriver was used. The jury was instructed that a weapon is a dangerous or deadly weapon if it is used or threatened to be used in a way likely to produce death or great bodily harm. In count 3, the information alleges that defendant used the screwdriver to assault the officers. These facts, if proved, would make the screwdriver a dangerous weapon. However, the jury not only acquitted defendant on this charge, it did not even find simple assault.
Is the acquittal on the charge alleging that the screwdriver was used in a manner which could cause great bodily injury or death "truly" inconsistent with its finding in count 1 that while committing the burglary, defendant armed himself with "a dangerous weapon, to wit: a screwdriver"? Since the operative facts alleged in count 3 are essential to constitute a screwdriver as a dangerous weapon under count 1, we believe so.
Nicarry also contends that since he did not enter the shed with the intent to commit a crime therein, his only offense is trespass. He contends that the only reason he went into the shed was to hide from the officers, not to commit a separate offense therein. The State responds that defendant hid in the shed with the intent to continue his ongoing offense of eluding the officers, and this qualifies to enhance his trespass to a burglary. Although there is some authority to support Nicarry's position[1], we agree with Britton v. State, 604 So.2d 1288 (Fla. 2d DCA 1992), that the breaking into a building or structure for the purpose of continuing an offense in progress is sufficient to establish burglary. See also State v. Williams, 229 N.J.Super. 179, 550 A.2d 1298 (1988).
We also reject Nicarry's contention that since the shed was not occupied by anyone but him, he could not be guilty of burglary of an occupied dwelling. If merely being in the resident's backyard (the curtilage) is the same as being in the dwelling [See Baker v. State, 636 So.2d 1342 (Fla.1994)], then being in a shed located in the curtilage would also be.
We also find the evidence sufficient to sustain the conviction for aggravated fleeing and eluding.
We remand to the trial court to reduce the conviction of armed burglary of an occupied dwelling to burglary of an occupied dwelling and to resentence Nicarry accordingly.
AFFIRMED in part, REVERSED in part and REMANDED for entry of a corrected judgment and resentencing.
SHARP, W., and PETERSON, JJ., concur.
NOTES
[1] This is at least implied in State v. Laughlin, 900 S.W.2d 662 (Mo.Ct.App.1995).