841 So.2d 650 (2003)
Javier GONZALEZ, Appellant,
v.
The STATE of Florida, Appellees.
No. 3D02-415.
District Court of Appeal of Florida, Third District.
April 9, 2003.
*651 Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Jason Helfant, Assistant Attorney General, for appellee.
Before GREEN and RAMIREZ, JJ., and NESBITT, Senior Judge.
PER CURIAM.
Javier Gonzalez was charged in count 1 with burglary of a dwelling with assault while armed with a dangerous weapon (a screwdriver), and in count 2 with possession of burglary tools (the screwdriver).
In the middle of the day, the victim, a 12 year old girl, was getting ready to leave with her mother and went out to her carport intending to wait in the family car. As she approached the car, she saw Gonzalez crouching over inside the open door of a utility room at the rear of the carport, shoving things around with his hands. The utility room door was normally kept closed with a concrete block against the bottom of it to hold it shut, and the yard of the house was fenced and gated, although the record does not establish whether the gate was locked. Gonzalez turned around, approached the victim, and raised a 12-inch long screwdriver from his side as he came around the car. The victim testified Gonzalez had a threatening expression. Scared, and thinking Gonzalez had a machete, she retreated, saying she had to go talk to her mother, and Gonzalez said he was just trying to get out of the rain. As the victim ran inside screaming, "Mommy, he's going to kill me," Gonzalez picked up his own bike, which was on the ground next to the car, and rode away. Mother and daughter ran outside in time to see Gonzalez depart, and later identified him for police who found him on his bike near the house, with the screwdriver. Gonzalez confessed to trespassing.
The jury returned a verdict convicting Gonzalez on count 1 of burglary of a dwelling without an assault, while being armed, this being one of the lesser included offenses on which the jury was instructed. On count 2 Gonzalez was convicted of possession of burglary tools, as charged. Gonzalez challenges both convictions. We affirm the conviction on count 1, and reverse the conviction on count 2.
As to count 1, Gonzalez argues that a screwdriver is a "dangerous weapon" only if used as such, Vincente v. State, 669 So.2d 1119 (Fla. 3d DCA 1996), and that since the jury acquitted Gonzalez of assault, the jury necessarily determined thereby that the screwdriver was not used as a dangerous weapon. Thus, Gonzalez argues, he could not have been "armed," relying heavily upon Nicarry v. State, 795 So.2d 1114 (Fla. 5th DCA 2001), rev. denied, 819 So.2d 138 (Fla.2002). Nicarry, however, involved interlocking charges in two separate counts for being armed with a dangerous weapon and assault. A verdict of acquittal on the assault charge was held to be legally inconsistent with a conviction on the separate dangerous weapon charge. 795 So.2d at 1116.[1]
*652 Here, unlike Nicarry, there was a single count for armed burglary with an assault as to which the jury found a lesser included offense, armed burglary without an assault. Whether the evidence is susceptible of inference by the jury that the defendant is guilty of a lesser offense than that charged is a critical evidentiary matter exclusively within the province of the jury. State v. Bruns, 429 So.2d 307, 309 (Fla.1983); Parker v. State, 330 So.2d 148, 149 (Fla. 2d DCA 1976). A jury's verdict will not be overturned on appeal as long as competent substantial evidence supports it. Hertz v. State, 803 So.2d 629, 646 (Fla. 2001); Kimbrough v. State, 700 So.2d 634 (Fla.1997); Nelson v. State, 753 So.2d 648 (Fla. 3d DCA 2000).
The jury had the opportunity to see and evaluate Gonzalez, the victim, and the foot-long screwdriver which the victim mistook for a machete. They may have believed that, while Gonzalez brandished the screwdriver in a weapon-like way when he was suddenly discovered, his actions were more directed to escaping the scene than assaulting the victim, and may therefore have exercised "jury lenity" or a "jury pardon" as to the assault. The verdict's purported internal inconsistency thus does not necessarily support Gonzalez's argument that the acquittal on the assault portion of the charge means that the jury found he did not put the victim in fear, and that therefore this screwdriver was not a weapon. At any rate, an underlying finding as to the victim's perceptions does not determine whether the perpetrator was "armed." See, e.g. State v. Baker, 452 So.2d 927 (Fla.1984)(in armed robbery, the victim may never be aware the that a robber is armed so long as the perpetrator has the weapon in his possession during the offense).
Gonzalez further argues that the "lesser included" offense of which he was convicted was not truly a lesser included offense because it carried the same sentence as the charged offense. Nurse v. State, 658 So.2d 1074 (Fla. 3d DCA 1995). However, the instructions provided to the jury on lesser included offenses were as requested by Gonzalez's own trial counsel, which Gonzalez now urges, for the first time, was ineffective assistance of counsel. Under the circumstances of this case, that claim is not cognizable on this direct appeal, but may be appropriately pursued by Gonzalez by way of a motion for postconviction relief. State v. Barber, 301 So.2d 7 (Fla.1974); Lorenz v. State, 806 So.2d 620 (Fla. 3d DCA 2002); Crenshaw v. State, 490 So.2d 1054 (Fla. 1st DCA 1986).
As to count 2, for possession of burglary tools:
In order for the State to establish the screwdriver was a burglary tool, the State needed to adduce testimony showing that the defendant used, or actually intended to use, the screwdriver to commit a burglary or trespass.
Buffington v. State, 776 So.2d 960, 961 (Fla. 3d DCA 2000), quoting Hierro v. State, 608 So.2d 912, 915 (Fla. 3d DCA 1992). See also Calliar v. State, 760 So.2d 885 (Fla.1999). Here, evidence of use of the screwdriver, or intent to use it, to commit a burglary or trespass is lacking. There is no testimony or evidence that the screwdriver was used to enter either the gate or the utility room door. There is no testimony or evidence of pry marks, or any other physical evidence indicating the screwdriver was used, Karp v. State, 698 So.2d 577, 578 (Fla. 3d DCA 1997), or even that the door to the utility room was "locked" by anything other than a concrete block which was placed against the bottom of the door to hold it shut. In the absence of any such evidence, Gonzalez's conviction for possession of a burglary tool must be *653 reversed and his sentence as to that charge must be vacated.
Affirmed in part, reversed in part, and remanded for proceedings consistent herewith.
NOTES
[1] Inconsistent jury verdicts are permitted in Florida because they can be the result of jury lenity, and therefore do not always speak to the guilt or innocence of the defendant. State v. Connelly, 748 So.2d 248, 252 (Fla.1999); Fayson v. State, 698 So.2d 825, 826-27 (Fla.1997). The one exception to the general rule allowing inconsistent verdicts is when they are "truly" inconsistent on legally interlocking charges, i.e. "those in which an acquittal on one count negates a necessary element for conviction on another count. Fayson, supra, at 827, quoting Gonzalez v. State, 440 So.2d 514 (Fla. 4th DCA 1983) review dismissed 444 So.2d 417 (Fla.1983)(emphasis added). See also, State v. Powell, 674 So.2d 731 (Fla.1996)