864 So.2d 503 (2004)
Dwayne GRANT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-510.
District Court of Appeal of Florida, Fourth District.
January 7, 2004.
Rehearing Denied February 12, 2004.
*504 Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
Dwayne Grant was arrested with 28 ziplock bags of marijuana in his pants pocket. The total weight of the marijuana was 27.3 grams. The probable cause affidavit indicated that Grant was arrested for possession of over 20 grams of cannabis. See § 893.13(6)(a), Fla. Stat. (2001).
The state filed an information charging Grant with possession of cannabis with intent to sell, contrary to section 893.13(1)(a)2. At the same time, the state filed an announcement of change of charges, indicating that it had filed possession of cannabis with intent to sell instead of the charge indicated on the probable cause affidavit.
The case went to a jury trial. Defense counsel requested the jury instruction for possession of over 20 grams of cannabis as a lesser included offense. Neither the defense nor the state requested any other lesser included offense. Both possession of cannabis with intent to sell and possession of over 20 grams of cannabis are third degree felonies. See § 893.13(1)(a)2.
During his closing argument, defense counsel first contended that the evidence was insufficient to prove that Grant had possessed marijuana. As a fall-back position, defense counsel argued that if the jury believed the arresting officer, then "the only thing that the prosecutor" proved was that "Grant committed the crime of possession of over 20 grams. Not *505 the intent to deliver, just possession of marijuana."
The trial judge instructed the jury that possession of over 20 grams of cannabis was a lesser included offense of possession of cannabis with intent to sell. The judge did not charge the jury concerning any other lesser included offense, such as possession of 20 grams or less of cannabis, a first degree misdemeanor. See § 893.13(6)(b). Defense counsel did not object to the jury instructions given. The jury found Grant guilty of possession of over 20 grams of cannabis.
Grant's primary argument on appeal is that it was ineffective assistance of counsel on the face of the record for defense counsel to request a jury instruction for possession of more than 20 grams of cannabis as a lesser included offense of possession of cannabis with intent to sell or deliver,[1] because the former crime was not a proper lesser included offense.
As Grant argues, "possession of twenty grams of [cannabis] is not necessarily included within the offense of possession of cannabis with intent to sell, since it contains an element (that the cannabis weigh more than 20 grams), which is not included within the other offense." This was not a case where the charging document alleged that the weight of the cannabis was over 20 grams, so the charge might properly have been a permissive lesser included offense. See Lane v. State, 861 So.2d 451, 453 (Fla. 4th DCA 2003).
Generally, an allegation of ineffective assistance of counsel should be raised in a motion for postconviction relief, rather than on direct appeal. See Grey v. State, 727 So.2d 1063, 1065-66 (Fla. 4th DCA 1999); Dennis v. State, 696 So.2d 1280, 1282 (Fla. 4th DCA 1997). A postconviction relief motion in the trial court allows full development of the issues of counsel's incompetence and the effect of counsel's performance on the proceedings. See Dennis, 696 So.2d at 1282. An exception to the general rule exists where both counsel's deficient performance and the prejudice to the defendant are apparent on the face of the record. See Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla. 1987); Burgess v. State, 776 So.2d 1035 (Fla. 4th DCA 2001).
We cannot conceive of any strategic or tactical reason for counsel's decision to request the lesser offense that he did. However, we do not find that the prejudice to Grant appears on the face of the record. To obtain relief due to the ineffective assistance of his counsel, Grant must "prove that he was prejudiced by the ineffective representation, such that there is a reasonable probability that the outcome would have been different absent the ineffectiveness." Johnson v. State, 796 So.2d 1227, 1228 (Fla. 4th DCA 2001); see also Jenkins v. State, 824 So.2d 977, 982 (Fla. 4th DCA 2002).
From this record, we do not agree with Grant's contention that he would "unquestionably" have been convicted of misdemeanor possession of cannabis had the jury been properly charged. Grant was arrested on the street with 27.3 grams of marijuana individually packaged in 28 ziplock bags. Such evidence would have supported the main charge of possession with intent to sell. Faced with a choice between the main charge and a lesser included *506 offense of possession of not more than 20 grams of cannabis, we cannot say that the jury would have chosen to convict on the lesser charges. The issue of prejudice is best handled in a postconviction relief motion. See Gonzalez v. State, 841 So.2d 650, 652 (Fla. 3d DCA 2003) (holding that issue of improper lesser included offense was not "cognizable on this direct appeal," but could be pursued by way of postconviction relief).
We therefore affirm the conviction without prejudice to a motion for postconviction relief.
WARNER and HAZOURI, JJ., concur.
NOTES
[1] Appellant is precluded from arguing that it was fundamental error for the court to have given the lesser included offense of possession of over 20 grams of cannabis, because defense counsel both requested the charge and relied upon it in his argument to the jury. See Ray v. State, 403 So.2d 956, 961 (Fla.1981); Lane v. State, 861 So.2d 451, 453 (Fla. 4th DCA 2003).