WOLF, C.J.
Appellant challenges his adjudication of delinquency for possession of burglary tools. He asserts that the trial court erred by denying the motion for judgment of dismissal as to this charge. We agree and reverse.
A deputy sheriff testified that around 11:00 p.m. he saw appellant near a pay phone outside a store that had one of its windows boarded up. At that time the two sheets of plywood covering the window as well as the screws or nails attaching the boards appeared to be intact. The deputy resumed his patrol, and received a call that the store’s alarm was going off shortly thereafter. He returned to the store, and observed appellant walking away from the direction of the boarded window. After noticing that the boards had been pried apart, the deputy did a pat down search for weapons, and found a large hammer in appellant’s waistband. Appellant stated that he always walks around with a hammer in his pants. The deputy testified that the impressions found on the pried wood matched the “claw part” of the hammer identically.
Appellant testified that he was at the store that morning to use the pay phone, and he found a hammer on the ground. He further testified, in relevant part:
Q: Did you use that hammer to try to pry the boards apart?
A: Yes, sir.
Q: Did you ever have an intent to burglarize the Express Mart?
A: No, sir.
The trial court found appellant guilty of possession of burglary tools, but not guilty of attempted burglary based on its finding that appellant could have intended to use the hammer for some other purpose than to burglarize the store:
All right. I don’t think I can convict him on the attempted burglary because we don’t have any proof what he intended to do was go inside the store and steal something. It’s entirely possible that he was only intending to damage the — trespass on the property by damaging the wood or by stealing the wood, *1225 but not necessarily that he intended to go inside.
I think it’s probably extraordinarily unlikely that he intended to do anything other than go inside and steal. We don’t have any evidence — and people steal plywood, so — I don’t think the State has enough evidence to exclude the hypothesis that he was only there to steal the plywood and not to go inside of the building.[1]
The trial court’s specific finding that the State failed to prove that appellant intended to enter the store requires that we reverse the adjudication of delinquency for possession of burglary tools.[2]
Section 810.06, Florida Statutes (2002), Possession of burglary tools, states:
Whoever has in his or her possession any tool, machine, or implement with intent to use the same, or allow the same to be used, to commit any burglary or trespass shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.088, or s. 775.084.
(Emphasis added). Thus, the intent to use the tools during the commission of burglary or trespass is an essential element of the crime for which appellant was adjudicated delinquent. See Karp v. State, 698 So.2d 577 (Fla. 3d DCA 1997). A specific element of both burglary and trespass is an entry onto the property. See §§ 810.02 and 810.08, Fla. Stat. (2002). Therefore, the trial court’s determination as to lack of evidence of intent to commit a burglary is dispositive as to the crime of possession of burglary tools. The adjudication is reversed.
ALLEN and DAVIS, JJ., concur.

. These factual findings were made by Circuit Judge Jonathan Sjostrom; the disposition order was signed by Circuit Judge George S. Reynolds, III.

. The trial court found that the State’s evidence may have been sufficient to show only that appellant may have intended to steal the wood; however, a defendant cannot be convicted for possession of burglary tools based on his intent to use tools to commit a theft. Calliar v. State, 760 So.2d 885, 887 (Fla.1999) (noting conviction for possession of burglary tools requires proof of an intention to use tools in burglary or trespass).