POLEN, J.
This appeal arises from the conviction of Anthony A. Prince, Jr. for possession with intent to sell/deliver cannabis and the resulting sentence of five years incarceration. On appeal, Prince asserts, among other things, that he received ineffective *978 assistance of trial counsel as a result of a concession to a lesser included offense. We affirm for the reasons that follow.
On November 20, 2001, Prince was observed outside of a convenience store engaging in what appeared to be drug transactions. When police officers pulled up in an unmarked car, Prince, who initially took flight, was quickly detained with a little under a half pound of marijuana in his pockets. Before trial, Prince unsuccessfully moved to suppress the marijuana. The trial proceeded and in the defense’s opening argument counsel stated:
If you’ll keep an open mind, you’ll see that [the State does] not have the evidence to meet [its] burden to prove possession of marijuana with intent to sell or deliver or to prove trespass. Now you’ll hear evidence that Anthony Prince had a few ounces of marijuana in his pockets when he was stopped by the police. We’re not going to try to say that he didn’t. That’s the facts and you’ll hear evidence about that. But ... the State has the burden to prove everything that they accuse someone of.
The State proceeded to put on its ease, and after it rested, Prince moved for a judgment of acquittal, which was denied by the trial court. The defense rested without presenting any evidence.
The general rule is that the adequacy of a lawyer’s representation may not be raised for the first time on a direct appeal. The rationale for the rule is that that issue has not been raised or ruled on by the trial court. State v. Barber, 301 So.2d 7, 9 (Fla.1974). An appellate court must confine itself to a review of only those questions which were before the trial court and upon which a ruling adverse to the appealing party was made.
Dennis v. State, 696 So.2d 1280, 1282 (Fla. 4th DCA 1997). The proper method of raising such an issue is by way of a motion for postconviction relief in the trial court, which “allows full development of the issues of counsel’s incompetence and the effect of counsel’s performance on the proceedings. An exception to the general rule exists where both counsel’s deficient performance and the prejudice to the defendant are apparent on the face of the record.” Grant v. State, 864 So.2d 503, 505 (Fla. 4th DCA), review denied, 876 So.2d 561 (Fla.2004).
We find no deficient performance by counsel or prejudice to Prince that is apparent on the face of the record. “[I]f counsel entirely fails to subject the prosecution’s case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable.” U.S. v. Cronic, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Contrary to Prince’s insistence, the Cronic standard is inapplicable as defense counsel did not entirely fail to subject the case to meaningful adversarial testing. Although trial counsel conceded guilt to a lesser included offense (simple possession), he clearly argued that the State was unable to meet its burden in proving each and every element of the main charge (possession with intent to sell) beyond a reasonable doubt. This approach may be a legitimate tactical decision in light of the evidence at bar. See Atwater v. State, 788 So.2d 223, 230 (Fla.2001)(“Sometimes concession of guilt to some of the prosecutor’s claims is good trial strategy and within defense counsel’s discretion in order to gain credibility and acceptance of the jury.”); Davis v. State, 866 So.2d 1251 (Fla. 4th DCA 2004); Harris v. State, 768 So.2d 1179, 1182-83 (Fla. 4th DCA 2000) (holding even if counsel was deficient in conceding guilt on lesser included offenses without defen *979 dant’s consent, defendant was not prejudiced for purposes of ineffective assistance claim, as trial record reflected that concessions were a reasonable tactical decision made in consideration of overwhelmingly inculpatory evidence, and had defendant presented defense that he did not participate at all in charged crimes, his defense would have been severely undermined by the wealth of incriminating evidence before the jury).
Likewise, nothing on the face of the record indicates that such a strategy was not with the knowing and intelligent consent of Prince. Due process does not require that the trial court conduct an on-the-record inquiry as to whether a defendant agrees with trial counsel’s strategy to concede guilt to a lesser included offense. Lawrence v. State, 831 So.2d 121, 131 (Fla.2002). Notwithstanding, “to avoid similar problems in the future ... if a trial judge ever suspects that a similar strategy is being attempted by counsel for the defense, the judge should stop the proceedings and question the defendant on the record as to whether or not he or she consents to counsel’s strategy.” Nixon v. Singletary, 758 So.2d 618, 625 (Fla.2000). We accordingly find that this issue is not appropriate for direct appellate review. As such, we affirm without prejudice to any motion for postconviction relief before the trial court. See Grant, 864 So.2d at 506. We also affirm on Prince’s remaining issues as we find them to be unpersuasive.
AFFIRMED.
GUNTHER and STONE, JJ., concur.