POLEN, J.
We affirm Robert Smith’s conviction for possession of cocaine and sentence of fifty-four months in prison. Smith challenges the facial constitutionality of section 893.101, Florida Statutes (2003), amended to eliminate knowledge of the illicit nature of the controlled substance as an element of any offense under Chapter 893 “Drug Abuse Prevention and Control” and make lack of such knowledge an affirmative defense. We hold that legislative amendment section 893.101 does not unconstitutionally shift the burden of proving an element of the offense to the defendant under the label of an affirmative defense. See Wright v. State, No. 4D04-499, 2005 WL 1026669 (Fla. 4th DCA May 4, 2005).
Smith also argues that he was denied effective assistance of trial counsel due to defense counsel’s failure to request that the jury be instructed on the defense of knowledge of the illicit nature of the substance. The general rule is that the adequacy of a lawyer’s representation may not be raised for the first time on a direct appeal. Bruno v. State, 807 So.2d 55 (Fla.2001). An appellate court must confine itself to a review of only those questions which were before the trial court and upon which a ruling adverse to the appealing *1002 party was made. Dennis v. State, 696 So.2d 1280, 1282 (Fla. 4th DCA 1997). The proper method of raising such an issue is by way of a postconviction relief motion in the trial court, which “allows full development of the issues of counsel’s incompetence and the effect of counsel’s performance on the proceedings.” Grant v. State, 864 So.2d 503, 505 (Fla. 4th DCA 2004). “Instances where the appellate court will address an ineffectiveness claim on the face of an appellate record are rare indeed.” Henley v. State, 719 So.2d 990, 990 (Fla. 4th DCA 1998). This is because “such claims ordinarily turn on issues of fact and both sides are entitled to present relevant evidence to the trial court to resolve those issues.” Id.
“An exception to the general rule exists where both counsel’s deficient performance and the prejudice to the defendant are apparent on the face of the record.” Grant v. State, 864 So.2d at 505. In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court held that to establish ineffective assistance of counsel, a defendant must affirmatively establish both that (1) counsel performed outside the broad range of competent performance and (2) the deficient performance was so serious that the defendant was deprived of a fair trial. The purpose of such review “is not to grade counsel’s performance.” Id. at 2069. “[Tjhere is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one.” Id. In the present case, because no deficient performance by counsel is apparent on the face of the record, we hold that this issue is not appropriate for appellate review.
Lastly, we affirm without discussion the trial court’s denial of Smith’s motion for judgment of acquittal, as there was sufficient evidence that he had the required knowledge of the presence of cocaine.
Based on the foregoing, the judgment and sentence are affirmed.
WARNER and HAZOURI, JJ., concur.