937 So.2d 297 (2006)
Donald BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-205.
District Court of Appeal of Florida, Fourth District.
September 20, 2006.
*298 Carey Haughwout, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant, Donald Baker ("Baker"), timely appeals a conviction following a jury trial for battery on a law enforcement officer. Baker raises two independent challenges on appeal. First, he contends that he received ineffective assistance of counsel as regards video evidence presented at trial. For the reasons set forth below, we decline to address this issue on direct appeal, and affirm without prejudice to further proceedings on the issue at the trial level. Second, Baker contends that he received ineffective assistance of counsel regarding a witness's opinion testimony and a jury instruction on self-defense. As explained below, we affirm because the issue was not preserved for appellate review.
The State charged Baker with battery on a law enforcement officer, depriving an officer of means of protection, and resisting an officer with violence. The jury returned a verdict of guilty only on the battery charge. The following evidence was adduced at trial.
A police officer encountered Baker drinking beer in a parking lot and arrested him for carrying an open container. The officer then took Baker to the Hollywood Detention Center, where the alleged battery occurred. At trial, the arresting officer testified to the events at the detention center as the jury watched video captured by the surveillance camera located in the center's lobby. The officer testified that Baker started yelling, jumped up and grabbed the officer's hand, punched the officer in the back, tackled him to the ground, and was subdued only after another officer intervened.
An internal affairs officer testified that Baker told him that a police officer had struck another arrestee at the detention center. When Baker protested, the arresting officer punched him and knocked him down. Because Baker was afraid that the arresting officer would continue punching him, Baker grabbed him and pushed him to the ground.
The internal affairs officer also testified to his belief that Baker's statement was an admission to a battery on a law enforcement officer. He repeated this opinion on cross examination and testified that self-defense did not apply to such situations. Defense counsel did not request that these remarks be stricken from the record.
After the jury entered its verdict, Baker filed an unsworn pro se motion to discharge his trial counsel, and for appointment of a special assistant public defender. In response to the motion, the court removed trial counsel and appointed Baker new counsel. Baker then filed an unsworn motion for new trial on the ground that new and material evidence, i.e. missing frames from the video, was available which *299 trial counsel could not have discovered with reasonable due diligence.
Before trial, McNamara, a relative of Baker, had put Baker's counsel in contact with an expert who had compared copies of the video received from the State with those obtained by McNamara directly from the police. McNamara asked Baker's counsel to consider inconsistencies in the video evidence uncovered by the expert. However, counsel did not follow up.
During the hearing on the motion, the expert testified that, of the videos he tested, not one was an original. Moreover, no video was an identical copy of another, with some differing by more than fifty frames. There were six frames missing from a three-minute segment of the copy admitted into evidence, two of which showed the demeanor of the officers in releasing Baker's handcuffs.
The court denied the motion for new trial, finding that Baker's trial counsel could have discovered problems with the video evidence through due diligence. In response, Baker filed a motion for mistrial based on ineffective assistance of counsel, which the court denied, finding that a motion for mistrial could not be made on such grounds. The jury returned a verdict of guilty of battery on a law enforcement officer. Baker was sentenced to sixty months in Florida State prison.
Regarding Baker's first point, we hold that his claim of ineffective assistance of counsel cannot be raised for the first time on direct appeal. The general rule is that the adequacy of a lawyer's representation may not be raised for the first time on direct appeal. Bruno v. State, 807 So.2d 55, 63 (Fla.2001). The proper method of raising such an issue is by way of a post-conviction relief motion in the trial court, which "allows full development of the issues of counsel's incompetence and the effect of counsel's performance on the proceedings." Grant v. State, 864 So.2d 503, 505 (Fla. 4th DCA 2004). "An exception to the general rule exists where both counsel's deficient performance and the prejudice to the defendant are apparent on the face of the record." Id. at 505; see also Forget v. State, 782 So.2d 410, 413 (Fla. 2d DCA 2001) (finding ineffective assistance of counsel on direct appeal when trial counsel failed to request jury instruction regarding the mens rea element of the crime charged); Johnson v. State, 796 So.2d 1227, 1228-29 (Fla. 4th DCA 2001) (finding ineffective assistance of counsel on direct appeal due to trial counsel's failure to file a motion to dismiss, where an appellate decision published four months earlier mandated dismissal).
Appellate courts generally do not consider claims of ineffective assistance of counsel on direct appeal because there usually is insufficient opportunity to develop the record pertaining to the merits of these claims. United States v. Andrews, 953 F.2d 1312, 1327 (11th Cir.1992), superseded by statute on other grounds, 18 U.S.C.S. app. 1B1.3 (2006). Such cases are usually resolved in post-conviction Rule 3.850 proceedings, where an evidentiary hearing may be held. See Jones v. State, 815 So.2d 772, 772 (Fla. 4th DCA 2002); Fla. R.Crim. P. 3.850 (2006). In the instant case, the facts giving rise to Baker's claim are not apparent from the record. The reasons for his counsel's alleged failure to investigate possible gaps in the video evidence are not clear. Therefore, we do not grant the relief requested in this case. However, our holding is without prejudice to Baker asserting this claim in a motion for post-conviction relief.
As to Baker's second point, we hold that he did not preserve for appellate review the issue of ineffective assistance of counsel regarding the internal affairs officer's *300 opinion testimony and his counsel's failure to request a jury instruction on self-defense. In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation. Lacey v. State, 831 So.2d 1267, 1268 (Fla. 4th DCA 2002) (citing Tillman v. State, 471 So.2d 32, 35 (Fla.1985)). Since the substantive issue of alleged ineffective assistance of counsel is not within this court's purview on direct appeal, we do not review it here. However, as with Baker's first point, we affirm without prejudice to Baker to assert this claim in a motion for post-conviction relief.
Based on the foregoing, we affirm without prejudice to Baker's right to litigate his claims in post-conviction proceedings.
Affirmed.
STEVENSON, C.J., and STONE, J., concur.